IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SERGIO SOKOLIANSKI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | FILE NO. _____ |
| NEW PENN FINANCIAL, LLC d/b/a ) | |
| SHELLPOINT MORTGAGE ) | |
| SERVICING, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

COMES NOW, SERGIO SOKOLIANSKI, Plaintiff in the above-styled civil litigation, and files this, her Complaint pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692a *et seq.* ("FDCPA") against Defendant NEW PENN FINANCIAL, LLC d/b/a SHELLPOINT MORTGAGE SERVICING. In support thereof, Plaintiff respectfully shows this honorable Court as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the instant action pursuant to 15 U.S.C. § 1692k(d) and 47 U.S.C. § 227(b)(3).

2. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), as the acts and transactions giving rise to Plaintiff's action occurred in this district,

Plaintiff resides in this state and this district, and Defendant transacts business in this district.

## PARTIES

3. Plaintiff, Sergio Sokolianski ("Plaintiff"), is a natural person who at all relevant times resided in Norcross, Georgia (Gwinnett County).

4. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

5. Defendant, New Penn Financial, LLC d/b/a Shellpoint Mortgage Servicing ("Defendant") is a Delaware limited liability company that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

6. Defendant may be properly served with service via its registered agent for process, to wit: Corporation Service Company, 40 Technology Parkway South #300, Norcross, Georgia 30092.

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, to a creditor other than Defendant.

9. The obligation that Defendant has asserted to be owed by Plaintiff is allegedly due a creditor other than Defendant, and arises from a transaction in

2

which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes, to wit: a mortgage debt allegedly owed to either Goldman Sachs or MTGLQ Investors, L.P. (the "Debt").

10. Defendant uses instrumentalities of interstate commerce or the mails for the purpose of collecting debts, and/or regularly collect or attempt to collect, directly or indirectly, debts owed or due, or asserted to be owed or due to another.

11. In connection with the collection of the Debt, Defendant sent to Plaintiff, or caused to be sent to Plaintiff, written communication dated July 29, 2015. (*See* July 29, 2015 "Validation of Debt Notice," attached as Exhibit A).

12. In said July 29, 2015 letter, Defendant asserted that the Debt was owed to "Goldman Sachs."

13. In response to Defendant's letter, Plaintiff sent written communication to Defendant dated August 8, 2015, and therein, notified Defendant that the Debt had been discharged in bankruptcy on May 5, 2009. (*See* August 8, 2015 Letter to Defendant with Certified Mail Receipt, attached as Exhibit B).

14. In his August 8, 2015 letter, Plaintiff further demanded that Defendant "not attempt to collect this debt any further." (*See* Exhibit B).

15. Despite Plaintiff's demand that Defendant cease and desist from

3

collecting the Debt, Defendant sent a second "Validation of Debt Notice" to Plaintiff dated November 17, 2015. (*See* November 17, 2015 "Validation of Debt Notice, attached as Exhibit C).

16. In its November 17, 2015 letter, Defendant represented that the Debt was owed to MTGLQ Investors, L.P.

17. Thereafter, Plaintiff retained the undersigned counsel, and counsel sent a notice of representation to Defendant on December 31, 2015, and received by Defendant on January 4, 2016. (*See* December 31, 2015 Initial Notice and Demand, with Certified Mail Confirmation, attached as Exhibit D).

18. Despite having actual knowledge that Plaintiff was represented by counsel, and despite said counsel's demand that Defendant cease and desist from communicating directly with Plaintiff, on January 6, 2016, Defendant sent written communication directly to Plaintiff, purportedly providing Plaintiff with the name and address of "the owner of [his] loan." (*See* January 6, 2016 Letter to Plaintiff, attached as Exhibit E).

19. At no time prior to its January 6, 2016 letter to Plaintiff did Defendant make an attempt to communicate with Plaintiff's counsel.

20. At no time prior to its January 6, 2016 letter to Plaintiff did Plaintiff's counsel fail to respond to communication from Defendant within a reasonable

amount of time.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692c(a)(1)

21.   Plaintiff incorporates herein by reference each allegation above as if restated in their entirety.

22.   Defendant violated 15 U.S.C. § 1692c(a)(1) by communicating with directly with Plaintiff in connection with the collection of the Debt, despite actual knowledge that Plaintiff was represented by an attorney.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant violated 15 U.S.C. § 1692c(a)(1);

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k(a)(2)(A) in the amount of $1,000.00;

   c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k(a)(1);

   d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

   e) Awarding Plaintiff any pre-judgment and post-judgment interest as permissible by law;

   f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)

23. Plaintiff incorporates herein by reference each allegation above as if restated in their entirety.

24. Defendant violated 15 U.S.C. § 1692e(2)(A) by misrepresenting the character, amount, and/or legal status of the Debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(2)(A);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k(a)(2)(A) in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff any pre-judgment and post-judgment interest as permissible by law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692e(10)

25. Plaintiff incorporates herein by reference each allegation above as if restated in their entirety.

26. Defendant violated 15 U.S.C. § 1692e(10) by using false representations and/or deceptive means to collect the Debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k(a)(2)(A) in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff any pre-judgment and post-judgment interest as permissible by law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATION OF 15 U.S.C. § 1692f(1)

27. Plaintiff incorporates herein by reference each allegation above as if restated in their entirety.

28. Defendant violated 15 U.S.C. § 1692f(1) by collecting, or attempting to collect a debt that was not permitted by law.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692f(1);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k(a)(2)(A) in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff any pre-judgment and post-judgment interest as permissible by law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT V
## VIOLATION OF 15 U.S.C. § 1692g(a)(2)

29. Plaintiff incorporates herein by reference each allegation above as if restated in their entirety.

30. Defendant violated 15 U.S.C. § 1692g(a)(2) by failing to provide plaintiff with the name of the creditor to whom the Debt was allegedly owed.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692g(a)(2);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k(a)(2)(A) in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff any pre-judgment and post-judgment interest as permissible by law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

31. Plaintiff is entitled to, and hereby demands, a trial by jury.

Dated: February 4, 2016.

Respectfully submitted,

/s/Craig J. Ehrlich
Craig J. Ehrlich
Georgia Bar No. 242240
The Law Office of Craig J. Ehrlich, LLC
2300 Henderson Mill Road, Suite 300
Atlanta, Georgia 30345
(404) 365-4460
(855) 415-2480 (fax)
craig@ehrlichlawoffice.com

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1

The undersigned hereby certifies that the foregoing Complaint has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Northern District of Georgia, using a font type of Time New Roman and a point size of 14.

/s/Craig J. Ehrlich
Craig J. Ehrlich